UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ESTATE OF JACOB WILLIAM FERRELL, BY AND THROUGH JAMES ERIC FERRELL, ADMINISTRATOR AND JAMES ERIC FERRELL INDIVIDUALLY AND ON BEHALF OF THE HEIRS OF JACOB WILLIAM FERRELL , <br><br> Plaintiffs, <br><br> v. <br><br> KB CUSTOM AG SERVICES LLC and KYLE D. BEAUCHAMP, <br><br> Defendants. | Case No. 23-CV-2384-TC-TJJ |

## MEMORANDUM AND ORDER

Plaintiffs filed this wrongful death and survival action on September 5, 2023, asserting various negligence claims against Defendants arising from a motor vehicle collision in Seward County, Kansas. This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 52). Plaintiffs request leave to file their proposed First Amended Complaint that includes a claim for punitive damages based upon Defendants' alleged willful and wanton conduct in allowing and encouraging their drivers to work unsafe, dangerous, and reckless hours and deficient training in safe driving. The deadline for filing any motion to amend the pleadings or join additional parties was January 25, 2024. Plaintiffs filed their motion on July 18, 2024. Defendants KB Custom Ag Services LLC ("KB Custom") and Kyle D. Beauchamp oppose

the motion on grounds Plaintiffs' motion is untimely and because the proposed amendment would be futile.[1] As explained below, the Court denies Plaintiffs' motion as untimely.

Plaintiffs' motion implicates both Fed. R. Civ. P. 16(b)(4) and 15(a). Rule 16(b)(4) governs modification of scheduling order deadlines. Rule 15(a) governs the amendment of pleadings. The Court addresses how each Rule guides the Court's decision to deny the requested amendment.

## I.     Fed. R. Civ. P. 16(b)(4)

When the deadline for amending the pleadings set in the scheduling order has passed before the motion to amend is filed—as is the case here—Fed. R. Civ. P. 16(b)(4) applies. It provides that a scheduling order "may be modified only for good cause and with the judge's consent." The court applies a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint filed after the scheduling order deadline.[2] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[3] Only after determining good cause has been established will the court proceed to determine if the movant has satisfied the more lenient Rule 15(a) standard.[4]

---

[1] Because the Court is denying Plaintiffs' motion based on untimeliness, it need not address Defendants' futility argument.

[2] *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003).

[3] *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

[4] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[5] The lack of prejudice to the nonmovant does not show good cause.[6] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[7]

Plaintiffs argue the Court should find good cause exists to permit the inclusion of their claim for punitive damages. While acknowledging they could have included a claim for punitive damages in the initial complaint,[8] Plaintiffs argue they lacked knowledge and belief of facts giving rise to such a claim. Plaintiffs also point out the deadline to amend the complaint in this matter occurred over two months prior to the depositions of Defendants' truck driver, Defendant Beauchamp, and Defendant corporate representative. Plaintiffs maintain it was only after this discovery and after Plaintiffs reviewed the June 13, 2024 final report of their retained expert, that Plaintiffs believed they were able to meet their burden to assert a claim for punitive damages. Plaintiffs contend their efforts show they exercised due diligence before moving to assert a claim for punitive damages.

Defendants argue the motion should be denied as untimely because Plaintiffs knew about the facts providing a basis to pursue their proposed punitive damages claim when they filed their

---

[5] *Id.* at *5.

[6] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[7] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008).

[8] The Court isn't critical of Plaintiffs for not including their punitive damages claim in the initial complaint with the hope of obtaining more facts to support the claim during discovery. However, in a negligence case such as this where a punitive damages claim is clearly contemplated, Plaintiffs must be cognizant of the deadline set for amending the pleadings and protect that deadline by either timely amend the complaint or filing a motion to extend the deadline for doing so.

3

original complaint, as demonstrated by the allegations of their complaint. Defendants also state they served responses to Plaintiffs' written discovery requests on February 6, 2024, which provided information regarding training provided to drivers and timesheets for the driver involved in the subject accident. Defendants argue Plaintiffs still failed to file their motion until two months after transcripts of the April depositions upon which they rely were available on May 16, 2024.

The Court finds Plaintiffs have not shown good cause as required by Rule 16(b)(4), because they failed to show the motion to amend deadline "could not have been met even if [they] had acted with due diligence." The allegations in Plaintiffs' original complaint show that they were already alleging Defendant KB Custom failed to properly train and negligently hired, supervised, and retained the driver involved in the collision.[9] The complaint also alleges Defendant KB Custom "consciously failed to comply with certain federal safety regulations in training and supervising its drivers, and failed to inform [its driver] of the same."[10] It also alleges Defendant KB Custom violated 49 C.F.R. 392.3 titled "Ill or fatigued operator," which provides that a motor carrier shall not permit a driver to operate a commercial motor vehicle while the driver's alertness is so impaired, or so likely to become impaired, through fatigue, as to make it unsafe for the driver to begin or continue to operate the commercial motor vehicle.[11] Additionally, Plaintiffs do not dispute they received discovery from Defendants in February 2024 regarding the extent of training Defendants provided to drivers and timesheets showing the driver's hours worked. That Plaintiffs were not able to take depositions to provide further support for their allegations until April 2024, three months after the motion to amend deadline, does not show good cause. Nor is the Court

---

[9] Complaint, ECF No. 1, ¶¶ 35–38.

[10] *Id.* at ¶ 39.

[11] *Id.* at ¶ 49.

persuaded by Plaintiffs' argument that they needed their expert's report before they could move to amend. Moreover, even after the depositions upon which they now rely were taken, Plaintiffs waited three additional months before they finally filed the instant motion, then a total of six months after the motion to amend deadline, and only approximately six weeks before the discovery deadline. Plaintiffs' request to amend comes much too late.

The Court finds Plaintiffs have not met the Rule 16(b)(4) good cause standard for amending the scheduling order deadline to allow the untimely amendment of their Complaint.

## II.      Fed. R. Civ. P. 15(a)(2)

Although the Court finds Plaintiffs have not shown good cause for allowing them to amend after the scheduling order deadline, the Court will also discuss the standards for amending the complaint. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[12] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[13]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[14]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[15]  The court may deny leave to amend upon a showing of "undue delay,

---

[12] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[13] Fed. R. Civ. P. 15(a)(2).

[14] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[16]

Under the available grounds for denying leave to amend, the Court finds there has been a showing Plaintiffs unduly delayed in filing their motion for leave to amend the complaint to add a claim for punitive damages. The timeliness component of Rule 15(a)(2) is intended to consider more than mere passage of time; the court is to examine whether a delayed motion created a burden. "The longer the delay the more likely the delay will impose burdens on the opponent and the court. . . . The court must focus primarily on the reasons for the delay. Denial of leave to amend is appropriate where the plaintiff has no adequate explanation for the delay."[17]

The Court finds Plaintiffs' explanation for the delay—waiting until after they uncovered "all the necessary component parts for a meritorious punitive damages claim"—does not adequately explain or justify why they waited so long to file their motion to amend or a motion to extend the scheduling order deadline for amendment. The Court recognizes that in Kansas state court a plaintiff is prohibited from including a claim for punitive damages in the initial petition, but instead is required by K.S.A. 60-3703 to file a motion requesting leave to file an amended petition to plead punitive damages and file an affidavit showing that the plaintiff has a probability of prevailing on the claim pursuant to K.S.A. 60-209. In contrast, in federal court, a plaintiff may plead punitive damages in the initial complaint or file a motion for leave to amend the complaint.[18]

---

[16] *Id*. (quoting *Foman*, 371 U.S. at 182).

[17] *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2007 WL 1424327, at *3 (D. Kan. May 14, 2007) (quoting and citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006)).

[18] *See D.M. by & through Morgan v. Wesley Med. Ctr. LLC*, No. CV 18-2158-KHV, 2019 WL 2448574, at *5 (D. Kan. June 12, 2019) (discussing conflict between Fed. R. Civ. P. 8(a)(3) and K.S.A. 60-3703).

However, an unavoidable conflict exists between K.S.A. 60-3703 and the federal pleading rules. While the Kansas statute, K.S.A. 60-3703, prohibits a plaintiff from pleading punitive damages without leave of court supported by the evidence, "federal rules require [the plaintiff] to assert such claim and allow amendment to assert such a claim without an evidentiary showing in support of the claim."[19] Under the federal rules, Plaintiffs therefore need not wait until they have "established that there is a probability that the plaintiff will prevail on the claim pursuant to K.S.A. 60-209," as required by K.S.A. 60-3703, before seeking leave to amend.

In both state and federal court, a plaintiff has a deadline for filing such motion and may be denied leave if the motion is not timely filed.[20] Plaintiffs missed their deadline and have failed to show good cause to extend it. In addition, permitting Plaintiffs to amend their complaint to add a claim for punitive damages at this late date would unfairly prejudice Defendants. Discovery in this case is scheduled to close in three weeks, on September 6, 2024, with the pretrial conference set for September 12, 2024, and the deadline for filing dispositive motions set for September 23, 2024. Defendants would essentially be foreclosed from conducting any discovery to defend against such a late-filed punitive damages claim. The Court expressly warned the parties in the Second Amended Scheduling Order (ECF No. 46) they should not anticipate any additional extensions of the case deadlines in light of lengthy extensions granted twice.

---

[19] *Id.*

[20] *See* K.S.A § 60-3703 ("The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed on or before the date of the final pretrial conference held in the matter.").

Plaintiffs' failure to file their motion by the amendment deadline, failure to request an extension of the deadline, along with their long and unjustified delay in requesting leave to amend their complaint to add a punitive damages claim, and the resulting prejudice to Defendants, requires their motion be denied even under Rule 15(a)(2)'s lenient standard.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 52) is denied.

**IT IS SO ORDERED.**

Dated August 20, 2024, in Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U.S. Magistrate Judge