UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ESTATE OF JACOB WILLIAM FERRELL, BY AND THROUGH JAMES ERIC FERRELL, ADMINISTRATOR AND JAMES ERIC FERRELL INDIVIDUALLY AND ON BEHALF OF THE HEIRS OF JACOB WILLIAM FERRELL,<br><br>Plaintiffs,<br><br>v.<br><br>KB CUSTOM AG SERVICES LLC and KYLE D. BEAUCHAMP,<br><br>Defendants. | Case No. 23-CV-2384-TC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Leave to Amend Comparative Fault Designation (ECF No. 58). Defendants request leave to amend their comparative fault designation to add Plaintiff James Ferrell, father of the adult decedent, as a person with whom Defendants will compare fault under K.S.A. 60-258a. Plaintiffs oppose the motion. As explained below, the Court grants Defendants' motion.

**I.     Background**

The estate of Jacob Ferrell and James Ferrell, individually and behalf of Jacob's heirs, ("Plaintiffs") filed this wrongful death and survival action on September 5, 2023, asserting various negligence claims against Defendants arising from a motor vehicle collision. Jacob Ferrell died after his vehicle collided with a truck driven by an employee of Defendant KB Custom Ag Services LLC. Defendants filed their comparative fault designation (ECF No. 16) on January 12, 2024,

identifying Jacob as a person whose fault is to be compared for purposes of K.S.A. 60-258a.[1] On August 2, 2024, Defendants filed their motion seeking to amend their comparative fault designation to also compare the fault of Jacob's father, James Ferrell, based upon his alleged negligent entrustment of the vehicle to his son.

II.     **Applicable Legal Standard**

Reviewing the scant District of Kansas authority on the late amendment of comparative fault designations, the Court notes that different standards have been applied. One court has utilized the Fed. R. Civ. P. 15 standard applicable to amendment of a pleading.[2]  However, most have applied the excusable neglect standard when determining whether to allow the late filing or amendment of a comparative fault designation.[3] The Court here agrees that the applicable standard for determining whether to allow a late amendment of a comparative fault designation is the Rule 6(b)(1)(B) excusable neglect standard rather than the standard that governs amendment of the *pleadings* under Rule 15(a).[4]

---

[1] The original Scheduling Order (ECF No. 11) set a January 11, 2024 deadline for any party asserting comparative fault to file a designation identifying all persons or entities whose fault is to be compared and specify the nature of the fault. Plaintiffs understandably did not object to the original comparative fault designation, which was filed one day late.

[2] *See Cuiksa v. Hallmark Hall of Fame Prods., Inc.*, No. 00-1389-JAR, 2004 WL 303553, at *2 (D. Kan. Jan. 26, 2004) (applying Fed. R. Civ. P. 15 standard applicable to amendment of pleadings when reviewing the magistrate judge's order permitting the defendants to assert the comparative fault of others in the pretrial order).

[3] *Harris v. Walmart Inc.*, No. 19-01144-EFM, 2020 WL 4199643, at *2–*3 (D. Kan. July 21, 2020) (applying and discussing the excusable neglect factors in reviewing an objection to the magistrate judge's report and recommendation denying leave to allow amended comparative fault designation out of time); *First Magnus Fin. Corp. v. Star Equity Funding, LLC*, No. 06-2426-EFM, 2009 WL 10688188, at *2 (D. Kan. Feb. 18, 2009) (finding the correct standard for the defendants' motion requesting leave to identify, out of time, additional persons or entities whose fault is to be compared for purposes of comparative fault is "whether defendants have established their failure to act was because of excusable neglect.")

[4] A comparative fault designation is not listed as one of the "pleadings" listed in Fed. R. Civ. P. 7(a).

In *Harris v. Walmart*,[5] the court looked to Fed. R. Civ. P. 6(b)(1) and applied the excusable neglect factors in considering whether to allow an untimely amendment of a comparative fault designation. Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect balances the following four factors: "(1) danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for delay; and (4) whether the movant acted in bad faith."[6] The Court considers these factors below.

### III. Analysis

#### A. Prejudice to Plaintiffs

Defendants argue there is no danger of undue prejudice to Plaintiffs as a result of the requested amendment of the comparative fault designation. Defendants contend negligent entrustment is not a legally complicated theory which will require the designation of experts or additional discovery. Defendants argue James Ferrell testified at his deposition regarding his knowledge of his son's habits of careless and reckless driving before the accident and, thus, no additional discovery on that issue should be necessary. Defendants cite *Wheeler v. Numark Industries Co.*[7] in support of their motion to allow them to compare the fault of James Ferrell after the Court's deadline for designating parties at fault. Defendants suggest the principle expressed in *Wheeler* is appropriately applied in the situation here, where discovery after the deadline supplied the factual basis for comparing the fault of James Farrell.

---

[5] 2020 WL 4199643, at *2.

[6] *Id.* (citing *Pioneer Ins. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[7] No. 02-2444-CM, 2006 WL 763664, at *6 (D. Kan. Mar. 24, 2006).

The Court finds little danger of unfair prejudice to Plaintiffs by allowing Defendants to file their amended comparative fault designation naming James Ferrell as another person whose fault is to be compared. Plaintiffs do not oppose the motion on grounds that it is untimely or argue they would be prejudiced by allowing Defendants to amend their comparative fault designation. They argue only that the requested amendment would be futile under Kansas law because James Ferrell cannot be at fault for negligent entrustment.

Defendants have maintained comparative fault as a defense and identified Jacob Farrell since early in the case, so identification of Jacob's father James Farrell should not be a surprise to Plaintiffs, particularly coming after James Farrell's deposition statements regarding ownership of the vehicle involved in the collision and his knowledge of his son's driving history. In addition, James Ferrell is already a party in the case, he has already been deposed regarding issues related to negligent entrustment, and Defendants have indicated that no additional discovery should be necessary. This factor weighs in favor of Defendants.

**B.      Length of Delay and Impact on Proceedings, Reason for Delay, and Bad Faith**

Defendants argue there was a reasonable explanation for their delay in identifying James Ferrell in their comparative fault designation. At the time their comparative fault designation was filed in January 2024, Defendants state they had information suggesting that Jacob Ferrell owned the vehicle involved in the collision. Defendants argue it was not until the May 9, 2024 deposition of James Ferrell that they learned he was the title owner of the vehicle and knew about his son's traffic violations. In their response, Plaintiffs argue James Ferrell mistakenly made inaccurate statements in his deposition, including that the title of the vehicle involved in the accident listed

4

only him as the owner.[8] Plaintiffs state the vehicle was actually titled in the names of both James and Jacob Ferrell, which they suggest Defendants could have investigated and determined earlier. All of this is to say that the ownership of the subject vehicle was not cleared up until August 14, 2024, which was after Defendants filed the instant motion. The Court finds under all the circumstances here Defendants have explained the reason for the delay and there is no evidence Defendants acted in bad faith. These factors weigh in favor of allowing the late filing.

Defendants did delay filing the instant motion well beyond the deadline and until months after James Ferrell's deposition. However, although suggesting Defendants could have investigated earlier whether James Ferrell was a co-owner of the vehicle involved in the accident, Plaintiffs do not argue untimeliness or delay as grounds for denying Defendants' motion. The length-of-delay factor is therefore neutral in the Court's analysis.

### C. Other Considerations

Plaintiffs argue in their response that Defendants' motion should be denied based on futility because James Ferrell cannot be at fault for negligent entrustment under Kansas Law. Futility is not one of the excusable neglect factors and the Court does not find it an appropriate basis for denying Defendants leave to file an amended comparative fault designation under the circumstances here.

Under Kansas law, the issue of comparative fault is governed by K.S.A. 60-258a. Pursuant to the concept of comparative fault, "a defendant has a right to have the fault of all participants in an occurrence measured in one action, and to reduce his or her liability by the amount of fault attributable to the other participants, irrespective of whether they are joined as parties or are

---

[8] Plaintiffs attach the title to the vehicle and the Affidavit of James Ferrell, dated August 14, 2024, to their response to the instant motion. *See* ECF Nos. 61-1 and 61-2.

immune from liability."[9] Kansas courts interpreting K.S.A. 60-258a have held, where the possibility exists that multiple parties are at fault for tort claims and the plaintiff does not bring claims against all such parties, the party or parties sued will be responsible only for their proportionate share of damages.[10] Thus, under Kansas law, a defendant otherwise entitled to compare its fault to any other individual or entity potentially at fault for the plaintiff's alleged damages in tort, will be allowed to do so even if that defendant "missed the court's deadline for designating parties at fault as is set out in the scheduling order."[11]

immune from liability."[9] Kansas courts interpreting K.S.A. 60-258a have held, where the possibility exists that multiple parties are at fault for tort claims and the plaintiff does not bring claims against all such parties, the party or parties sued will be responsible only for their proportionate share of damages.[10] Thus, under Kansas law, a defendant otherwise entitled to compare its fault to any other individual or entity potentially at fault for the plaintiff's alleged damages in tort, will be allowed to do so even if that defendant "missed the court's deadline for designating parties at fault as is set out in the scheduling order."[11]

In *Wheeler*, the defendants initially filed their motion to designate comparative fault out of time approximately a week before the pretrial order was entered and then filed a second motion to do so approximately four and a half months after the entry of the pretrial order.[12] Under those circumstances, the court held that even after the defendant failed to make a timely designation in accordance with the scheduling order, the defendant was entitled under Kansas law to compare fault when it had "maintained comparative fault as a defense since the outset of the case."[13]

The Court finds the principles set forth above are applicable here. Even though Defendants missed the Court's deadline to include James Ferrell in their original comparative fault designation, under the circumstances here they are still entitled to compare their fault to any other individual or entity potentially at fault for Plaintiffs' alleged damages. Similar to the facts in

---

[9] *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1496 (10th Cir. 1983); *Murray v. Manorcare of Topeka Kan., LLC*, No. 19-2148-HLT-KGG, 2022 WL 2315527, at *2 (D. Kan. June 28, 2022).

[10] *Murray*, 2022 WL 2315527, at *2 (citing *Haysville U.S.D. No. 261 v. GAF Corp.*, et al., 233 Kan. 635, 641–42, 666 P.2d 192, 199 (1983)).

[11] *Wheeler v. Numark Indus. Co., Inc.,* No. 02-2444-CM, 2006 WL 763664, at *6 (D. Kan. Mar. 24, 2006).

[12] *Id.*

[13] *Id.*

*Wheeler*, Defendants have maintained comparative fault as an affirmative defense since they filed their Answer (ECF No. 6) early in the case. To the extent Plaintiffs wish to argue James Ferrell cannot be at fault for negligent entrustment as a matter of Kansas law, they may raise this issue in a dispositive motion or motion in limine, if appropriate.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to Amend Comparative Fault Designation (ECF No. 58) is granted. Defendants are hereby granted leave to file an amended comparative fault designation naming Plaintiff James Ferrell as another person with whom Defendants will compare fault under K.S.A. 60-258a. Defendants shall file their amended comparative fault designation by **September 20, 2024**.

IT IS SO ORDERED.

Dated September 18, 2024, in Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge